RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/27/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TIMELEHIN WIWO #61477-004 | DOCKET NO. 11-CV-881; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| MARIA MEDINA | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se Petitioner Timelehin Wiwo filed a petition for writ of habeas corpus in the captioned matter. Petitioner failed to submit either the five dollar ($5.00) filing fee or an application to proceed *in forma pauperis* (IFP). On June 22, 2011, a memorandum order was issued directing Petitioner to submit either the filing fee or an IFP application signed and completed by an accounts officer. [Doc. #3] On July 28, 2011, Petitioner submitted a petition on the proper form, along with as a U.S. Treasury check in the amount of $18.00, made payable to U.S. Treasury c/o Pollock, USP, Cashier. [Doc. #6] That same day, the clerk returned said check to Petitioner advising that the check could not be accepted and that Petitioner should submit a check for $5.00 made payable to Clerk, U.S. District Courts. [Doc. #6] To date, Petitioner has failed to comply with the Court's order to submit either the $5.00 filing fee or a completed IFP application.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the Petitioner to prosecute or to comply with ... any order of court...." The district court also has the

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).

Because Petitioner has failed to comply with a court order,

**IT IS RECOMMENDED** that his petition be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of September, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE