RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 10/20/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| TIMELEHIN WIWO | CIVIL ACTION NO. 11-881 |
| VERSUS | JUDGE TRIMBLE |
| MARIA MEDINA | MAGISTRATE JUDGE KIRK |

---

### O R D E R

Before the court is the report and recommendation of the magistrate judge[1] recommending dismissal of petitioner's § 2251 habeas corpus petition for failure to prosecute same based on petitioner's failure to file such petition on proper forms, to file an application to proceed in forma pauperis and to pay the requisite filing fee. Petitioner was ordered as to these three requirements on June 22, 2011 and a deadline of July 22, 2011 was set for petitioner to file his petition and application and to file the aforementioned fee.[2] The magistrate judge's report and recommendation notes that, as of the date of its issuance, September 27, 2011, petitioner failed to adhere to the court's express instructions.

Petitioner's timely objection to the report and recommendation assert that an error occurred in the processing of his fee and that the Clerk of Court mistakenly returned a check for $18.00 to him which he did not write.[3] Petitioner submits a copy of an invoice for the issuance of his check for $5.00, made payable to the Clerk of Court on July 6, 2011 as evidence that he did, in fact pay the required filing fee.[4] The record in this case also shows that petitioner did

---

[1] R. 9.
[2] R. 3.
[3] R. 11.
[4] R. 11-1 at Exhibit A.

1

refile his petition on the required forms, although it appears that this was not done timely under the court's prior order. The petition is dated "6/25/11[.]"[5] The envelope in which the petition arrived is postmarked July 27, 2011.[6] Petitioner's filing was received and docketed on July 28, 2011.[7] Taking as true that petitioner signed the petition on June 25, 2011, only three (3) days after the issuance of the court's order supplying petitioner with the required forms, the court still concludes that petitioner's failure to actually mail the petition to the court until more than one month later is without explanation and, therefore, does not constitute excusable neglect, even as to an incarcerated petitioner. Moreover, the record indicates that plaintiff has, as of the date of issuance of this Judgment, failed to file his application to proceed in forma pauperis as ordered by the court in June of this year.

Thus, accepting the substance of plaintiff's objections as true, he has still failed to conform to the court's order regarding further prosecution of his habeas corpus petition and, accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that petitioner's § 2241 petition for writ of habeas corpus is DISMISSED pursuant to Fed. R. Civ. P. 41(b) on the basis that petitioner failed to prosecute his claim as suggested by the magistrate judge's report and recommendation, ADOPTED in full this day as correct under applicable law and jurisprudence after the court's de novo review of the entire record in this case, including petitioner's objections.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 20th day of October, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[5] R. 5 at p. 5.
[6] Id. at p. 6.
[7] R. 5, generally.

2